360 So.2d 1158 (1978)
Otis Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. KK-33.
District Court of Appeal of Florida, First District.
July 26, 1978.
Rehearing Denied August 14, 1978.
*1159 Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of an order modifying his probation. Fla.R.App.P. 9.140(b)(1)(C). Appellant, who had been adjudged indigent, was placed on probation for a period of two years commencing January 22, 1976, for the offense of resisting arrest with violence. On January 20, 1978, a Rule to Show Cause was issued asserting that appellant had not conducted himself in accordance with his order of probation in that he had failed to comply with Section 945.30, Florida Statutes (1975), which requires payments by a probationer toward the costs of his supervision. The Rule alleged that appellant was currently in arrears $210.00. Following a hearing on the Rule to Show Cause, the court found that appellant, again adjudged indigent, had violated his probation in a material respect by failing to comply with Section 945.30, Florida Statutes. The court ordered an extension of appellant's probation for a period of six months and further ordered that appellant spend sixty-two days in the county jail.
Appellant asserts that the court erred in modifying his probation because there was no finding by the court that appellant had the ability to pay the costs. Appellant relies on Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974); Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975); and Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975).
We agree that these cases indicate that in order for an order of probation requiring payments of costs by a defendant to be *1160 enforceable, the court must find that the indigent defendant's financial condition is such that payment can be made. The record before us does not reveal that this determination was made. Accordingly, it is necessary that this cause be reversed and remanded for a further hearing before the court.
At such hearing, the testimony should establish specifically the financial condition of appellant at the time the probation order was entered. Further, the financial condition of appellant at the present time should be examined. The court should make findings of facts concerning the aforementioned and should specifically determine whether appellant had the ability to pay costs during the probationary period.
Further, we note that Section 945.30, Florida Statutes (1975) provides:
"Anyone on probation ... shall be required to contribute $10 per month toward the cost of his supervision and rehabilitation beginning 60 days from the date he is free to seek employment."
This statute also provides that a person may be exempted from the payment of this contribution if certain factors are found to exist, including:
"(1) The offender has diligently attempted, but been unable, to obtain employment which provides him sufficient income to make such payments.
* * * * * *
"(6) Other extenuating circumstances, ... ."
The record herein reveals that appellant failed to make any payments towards costs as required by Section 945.30. However, the Rule to Show Cause for this violation was not issued until a few days prior to the expiration of appellant's two year probationary period. We believe that after a probationer has missed a few of the payments required by Section 945.30, his probation supervisor should immediately make inquiry into the matter. The probation supervisor should also advise the probationer of the procedures to be utilized to obtain an exemption as set forth in Section 945.30(1)-(6). If the probationer fails to utilize these procedures or continues to fail to make the required payments, the probation supervisor should immediately bring the matter of the alleged violation to the attention of the court through an affidavit of a violation of probation or otherwise, rather than, as here, waiting until almost two years have elapsed before alleging a violation of probation has occurred for this reason.
The order modifying appellant's probation is reversed and the cause remanded for further proceedings consistent herewith.
McCORD, C.J., and MILLS and ERVIN, JJ., concur.