SCHEB, Judge.
Appellant Martin entered a negotiated plea of nolo contendere to involuntary sexual battery, and on May 2, 1977, was placed on probation for ten years. One of the conditions of his probation was that he pay $10 per month toward the cost of his supervision.
In February 1978 appellant’s probation supervisor filed an affidavit alleging appellant to be $41 in arrears. At the revocation hearing no testimony was presented by the state or appellant. Appellant’s counsel frankly acknowledged his client’s failure to make the ordered payments. Counsel represented to the court, however, that his client had lost his job, obtained a new job, and suffered a month’s lapse in pay. Counsel than asked the court to allow appellant to bring his payments to date. Upon interrogation by the court appellant admitted that he was “guilty” whereupon the trial judge revoked appellant’s probation and sentenced him to serve a life term in prison.
Appellant was required both by § 945.30, Fla.Stat. (1977) and the terms of his probation to contribute toward the cost of his supervision. Where the court finds that a probationer has the ability to make such payments but fails to do so, his probation may be revoked. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978).
Given the aforementioned representation by appellant’s counsel we are in doubt whether the effect of appellant’s admission that he was “guilty” was an admission that he wilfully failed to make the required payments toward cost of his supervision, or whether it was merely his acknowledgment that the payments were not made. Since no testimony was taken and no finding made on this aspect, we think justice requires that the trial court make a determination as to whether appellant’s failure to contribute toward his cost of supervision was wilful or whether it resulted from his financial inability to make those payments.
Accordingly, we reverse the order of revocation and remand this cause to the trial court for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.