406 So.2d 50 (1981)
Stella WINFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. VV-322.
District Court of Appeal of Florida, First District.
November 17, 1981.
*51 Michael E. Minerva, Public Defender; and Randolph P. Murrell, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and George R. Georgieff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The sole question on this appeal of a probation revocation is whether a defendant's probation may be revoked for failure to pay restitution where the State failed to prove that the defendant had the financial ability to pay, but instead attempted to prove that the defendant had not actively pursued potential employment. For the reasons stated below, we answer the question in the negative and reverse the probation revocation.
After pleading guilty to the offense of temporary unauthorized use of a motor vehicle, the defendant was placed on probation. The defendant's probation order listed nine conditions of probation, two of which were to "make restitution in the amount of $1536.06" and to "work diligently in a lawful occupation." Five months later only one monthly installment had been paid towards restitution, and defendant's probation officer filed an affidavit alleging that defendant had violated the condition requiring her to make restitution. No mention was made of any failure to "work diligently."
At the probation revocation hearing, the probation officer testified that defendant had not made the required monthly payments, but he also acknowledged that defendant had been unemployed since being placed on probation. Ms. Davidson, a Department of Corrections employee who was to assist defendant in finding a job, also testified for the State. She said that defendant had taken state tests for clerical and secretarial positions but had failed to keep two appointments scheduled with prospective employers ostensibly because of responsibilities to her three children. According to Ms. Davidson, defendant attended a job-seekers workshop but was inattentive *52 and left during the middle. Ms. Davidson acknowledged that the only income sources she was aware that defendant received were aid to families with dependent children (about $230 per month) and food stamps (about $150 per month).
The defendant did not call any witnesses, but argued throughout the hearing that the only relevant issue was her financial ability to pay restitution, which the State had failed to prove. The trial court disagreed and held that defendant was in violation of the restitution condition of her probation stating, in part:
I don't think the test should be whether or not she is employed and unable to make payment. I think the test should be, generally, that she has the ability to earn. And if she fails to earn, she is still responsible for the indebtedness... . If she is . .. unable to get work, then she wouldn't be responsible.
Unfortunately, we find that prior case law establishes that "ability to earn" is not the proper test for determining whether there has been a violation of a restitution condition. The cases uniformly hold that a probation condition which requires payments to be made may not be a basis for a probation violation unless the court specifically finds that the probationer's "financial condition is such that payment can be made." Jones v. State, 360 So.2d 1158, 1160 (Fla. 1st DCA 1978). See also I.P.J. v. State, 402 So.2d 1373 (Fla. 1st DCA 1981); Coxon v. State, 365 So.2d 1067 (Fla. 2nd DCA 1979). In Jones, this Court stated that such a finding requires evidence of a probationer's financial condition both at the time when probation was ordered and at the time of the alleged violation. As evidence of inability to pay, the cases focus on financial condition, Jones, supra, and adjudication of indigency (as occurred in this case) or insolvency, Abel v. State, 383 So.2d 325 (Fla. 2nd DCA 1980); Coxon, supra. Each of these factors involve the present status of financial resources, not the speculative availability of future resources. In fact, the court in Abel, 383 So.2d 325, upheld a finding that the probationer "failed to work diligently at a lawful occupation," but reversed the trial court's finding that probation was violated for failure to make required payments because the State did not prove ability to pay. In that case, the "ability to earn" and the "ability to pay" were regarded as two distinctly different tests.
Even if ability to earn could be considered a factor in determining ability to pay, as the State suggests, the evidence presented by the State gives no indication that defendant would have been hired at either of the job interviews set by Ms. Davidson. More importantly, there was no evidence that being hired in either of those two positions would have resulted in defendant's being financially able to pay restitution.
It is apparent from the evidence presented at the hearing that the State was actually attempting to prove that defendant did not make a diligent effort to locate employment. It is perfectly proper to impose a probation condition requiring the probationer to "work diligently at a lawful occupation," and this was one of defendant's conditions of probation. In order to prove violation of the work condition, however, the State must show that failure to maintain or acquire employment was willful and not caused by circumstances beyond the probationer's control. Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); § 948.03(1), Florida Statutes (1979). As a corollary, the defendant could defend by presenting evidence that her lack of employment was not voluntary. By failing to notify defendant of its intention to prove that defendant's work efforts were unsatisfactory, the State did not give the defendant an opportunity to prepare and present an appropriate defense to the charge. The affidavit charged defendant only with violating the probation condition of paying restitution and did not advise the defendant that her violation of this condition rested upon her having the ability but failing to work. "[A]n affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the *53 alleged violation... ." Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Although the evidence might have supported a violation of defendant's condition to "work diligently," due process requires that a probation revocation be based only on the violation alleged. Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973).
REVERSED.
ROBERT P. SMITH, Jr., C.J., and LARRY SMITH, J., concur.
JOANOS, J., dissents.
JOANOS, Judge, dissenting.
The requirement of paying restitution was a condition of probation. That defendant would pay restitution if placed on probation and thereby restore some of the damage suffered by the victim was chosen by the trial judge as an alternative to incarceration at the original sentencing hearing. It could very well have been the reason why defendant did not initially receive time.
The restitution was not paid and the victim still suffers from the crime. The evidence presented at the probation violation hearing would support a factfinder's determination that defendant did not sufficiently seek employment which would have allowed her to pay the required restitution. A defendant's inability to pay restitution is a defense to a charge of failure to pay restitution. However, for that defense to be sustained, defendant should not be required to merely show that she does not have ready cash to pay the obligation but also that she did not have the means available to earn the necessary funds. For these reasons, I dissent from the majority opinion.