MILLS, Judge,
concurring specially:
Although I concur in the majority’s decision that Douglas’ probation should be revoked, I would strike that portion of the trial court’s order finding that Douglas violated the terms of his probation by failing to pay the cost of his supervision as required by Section 945.30, Florida Statutes (1981).
There was no evidence at Douglas’ probation revocation hearing that he was able to pay the cost of his supervision, nor was there any specific finding made as to that fact. Douglas was adjudicated insolvent, however, and was represented in the revocation proceeding by the public defender. At one point during the hearing, his attorney made the following statement:
Your Honor, continuing on, as regards violation number two, which is violating condition two, that he did not pay ten dollars monthly report — ten dollars cost of supervision — he enters a plea of guilty to that charge.
Later, when asked if he had secured the permission of his probation officer to quit paying the cost of supervision, Douglas answered, “I did not.”
It is well settled that before revoking probation for nonpayment of the cost of supervision, the trial court must find that the defendant has the financial ability to pay. Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). The majority, however, holds that Douglas waived his right to an inquiry into his financial status when he “pled guilty” to the charge of failure to pay.
In my view, Douglas’ and his attorney’s statements to the trial court were more in the nature of an admission or confession than a true “guilty plea.” There is no doubt in my mind that Douglas had no Vtea that by making these statements, he was admitting that he had the ability to pay.
In any event, I reject the distinction drawn by the majority between this case and cases such as Jones, because I consider that it makes very little difference whether proof of nonpayment comes from the defendant or from some independent source. The trial court should not be relieved of its duty to inquire into the financial status of the defendant in cases such as this, especially since that burden would be so slight.