PER CURIAM.
Dennis Gordon appeals from an order revoking his probation. The order found that appellant violated two conditions of probation: first, by failing to pay $10.00 per month for the cost of supervision; and second, by failing to work diligently at a lawful occupation. We reverse.
Initially, we note that the State recognized its failure to present any evidence concerning the allegation of violation of probation by failing to work at a lawful occupation. Thus the trial court improperly revoked appellant's probation based on that allegation. We turn next to the allegation of violation of probation for failure to pay supervision costs.
In order to revoke probation for failure to pay supervision costs “[t]here must ... be a sufficient demonstration of probationer’s ability to pay and a specific finding by the court regarding that ability to pay.” Kimble v. State, 39(5 So.2d 815, 817 (Fla. 4th DCA 1981); Smith v. State, 380 So.2d 1175 (Fla. 4th DCA 1980). We find the proof in this case, as we have found in many other appeals involving this point, wholly inadequate to establish appellant’s financial ability to make payments. If the State elects to proceed on this point then it should be prepared to offer the evidence necessary to establish the probationer’s ability to make the payments. The State’s failure to meet its burden causes additional work for both the Attorney General’s office and this court, which otherwise would have been unnecessary.
Accordingly, we reverse the order revoking appellant’s probation.
REVERSED.
DOWNEY, HURLEY and DELL, JJ., concur.