PER CURIAM.
This is an appeal from an order revoking probation on the grounds of failure to pay costs of supervision and court costs. The trial court’s finding as to appellant’s ability to pay was ambiguous, and the record does not reveal evidence that appellant had ability to pay. On the contrary, the record shows that appellant was adjudicated insolvent prior to the probation revocation hearing and again for the purpose of appeal. This case is factually similar to that of Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), in that regard, and pursuant to that case, we must reverse the order of revocation of probation and remand for a hearing as in Jones, supra:
At such hearing, the testimony should establish specifically the financial condition of appellant at the time the probation order was entered. Further, the financial condition of appellant at the present time should be examined. The court should make findings of fact concerning the aforementioned and should specifically determine whether appellant had ability to pay costs during the probationary period.
We also find merit in appellant’s contention that the trial court erred in failing to award credit for time previously served in the Nassau County jail as a condition of probation, Section 921.161(1), Florida Statutes; Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981), and on remand the court shall determine the amount of *920 time served in the county jail and allow that as credit against appellant’s sentence.
MILLS, BOOTH and BARFIELD, JJ., concur.