RYDER, Chief Judge.
Robert K. Fogarty pleaded guilty to the charge of driving an automobile while his license was suspended and was sentenced to six months probation. Two of the conditions of his probation were that he pay a fine of $186.50 and pay a fee of $15.00 per month for his probation supervision. Thereafter, the state filed an affidavit alleging that Fogarty violated his probation by failing to satisfy the foregoing conditions.
The judge revoked Fogarty’s probation and sentenced him to sixty days in the county jail. Fogarty appealed the revocation to the circuit court, which affirmed. He now seeks the issuance of a writ of certiorari.
Fogarty asserts that the circuit court, .sitting in its appellate capacity, departed from the essential requirements of law in ruling that a specific finding of his ability to pay the fine and fee during the probationary period was unnecessary in light of his testimony that he had a present ability to pay. We agree.
After the state filed the affidavit of violation of probation, the court found petitioner to be insolvent and appointed a public defender to represent him. At the probation revocation hearing, petitioner testified that he had been unemployed during the probationary period until approximately one and one-half months before the hearing. Petitioner also testified that he had obtained a job after the affidavit of violation was filed and had a present and future ability to pay the fine and fee. No evidence was presented as to petitioner’s financial ability during the probationary period.
Before revoking a defendant’s probation for nonpayment of a supervisory fee or fine, the trial court must find the indigent defendant’s financial condition to be such that payment can be made. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). The trial court should specifically determine whether the defendant had the ability to pay during the probationary period. Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). The circuit court departed from the essential requirements of law in ruling that such a determination by the county court was unnecessary. This departure violated a clearly established principle of law resulting in a miscarriage of justice. Therefore, we grant the petition for the issuance of a writ of certiorari. Combs v. State, 436 So.2d 93 (Fla.1983).
We note that after the affidavit was filed, Fogarty made arrangements with his probation officer to perform forty-six and one-half hours of public service work at a hospital in lieu of the fine. The trial judge observed, and we agree, that the probation officer was without authority to set new conditions of probation. Only the court may set conditions upon which probation may be revoked. Suarez v. State, 391 So.2d 343 (Fla. 5th DCA 1980). In any event, petitioner never performed the public service work.
We quash the circuit court’s order, reverse and set aside the order of the county court revoking petitioner’s probation, and remand this cause to the county court for *627 further proceedings consistent with this opinion.
OTT and CAMPBELL, JJ., concur.