473 So.2d 1367 (1985)
Roger Lee BASS, Appellant,
v.
STATE of Florida, Appellee.
No. BD-72.
District Court of Appeal of Florida, First District.
August 9, 1985.
*1368 C. Richard Parker, Public Defender, and Paul R. Silverman, Asst. Public Defender, Gainesville, for appellant.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., for appellee.
JOANOS, Judge.
Roger Lee Bass appeals from the trial court's order revoking his probation. The trial court found that Bass violated the condition of his probation which required him to "work diligently at a lawful occupation," and the conditions which required him to make restitution for victim injury and to pay a fine. Bass contends the trial court erred (1) in finding him in violation of the employment condition of probation solely on the basis of hearsay evidence; (2) in finding him in violation of the restitution and fine conditions of probation without making a finding that he had the ability to pay; and (3) in finding him in violation of the conditions of probation prior to expiration of the term of that probation. We reverse and remand with directions.
On July 3, 1983, Bass was arrested and charged with aggravated battery. On October 17, 1983, he entered a negotiated plea of guilty to a charge of aggravated assault, a lesser included offense of the aggravated battery charge. Bass was adjudicated guilty and placed on a three year term of probation, subject to general and special conditions. On August 8, 1984, an affidavit of probation violation was filed against Bass, charging (1) that he had violated Condition (H) of his probation which required him to work at a lawful occupation; (2) that he had violated Special Condition (K) of his probation which required him to make "restitution to Alachua General Hospital in the amount of $662.61 during period of probation as directed by probation supervisor"; and (3) that he had violated Special Condition (L) which required him to pay a fine of "$500 during term of probation, as directed by probation supervisor."
Evidence adduced at the probation revocation hearing demonstrated that Bass had been unemployed from November 21, 1983  the date he was placed on probation  until June 8, 1984. Bass began working at a Waffle House restaurant on June 8, 1984, and his employment was terminated July 23, 1984. Bass's probation supervisor testified that the Waffle House manager indicated to him (the probation supervisor) that Bass's employment was terminated because he reported to work late on a routine basis, and sometimes failed to show up for work at all. The probation supervisor stated that Bass had acknowledged he was often late in reporting to work, giving as reasons that his place of employment was a considerable distance from his residence and he was dependent upon a bicycle for transportation. It was undisputed that from the date Bass was placed on probation until the affidavit charging probation violations was filed, he made no payments on the fine or the restitution  both of which had been imposed as special conditions of probation.
The trial court found that Bass had violated Conditions (H), (K), and (L) of his probation, and sentenced him to a two-year *1369 term of Community Control. In addition, Bass was ordered to pay restitution in the amount of $662.61 to Alachua General Hospital at the rate of $50 a month, and to pay a fine of $500 at the rate of $30 a month.
Bass's contention that the trial court erred in finding him in violation of the employment condition solely on the basis of hearsay evidence is without merit. The admission of hearsay evidence in revocation proceedings is not error. Cuciak v. State, 410 So.2d 916, 918 (Fla. 1982). Bass is correct in arguing that a probation revocation may not be premised solely on the basis of hearsay evidence. Turner v. State, 293 So.2d 771 (Fla. 1st DCA 1974). However, the evidence supporting the violation of the employment condition was a combination of non-hearsay admissions and personal observations, as well as hearsay similar to the situation in Miller v. State, 444 So.2d 523 (Fla. 1st DCA 1984).
Bass's argument that the trial court could not find him in violation of any of the payment requirements prior to the expiration of the probation term is also without merit. Proceedings to revoke probation must be commenced prior to the expiration of probation. Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981); Mounts v. State, 421 So.2d 22 (Fla. 5th DCA 1982). In addition, the language of the payment conditions of the probation required Bass to pay as directed by his probation supervisor. It is clear that this language required installments during the probation period. There is absolutely no requirement that the trial court had to ignore Bass's failure to pay until the probation period ended.
However, Bass is correct in his point that the trial court erred in finding him in violation of the restitution and fine conditions of probation without making a finding that he had the ability to pay.
Restitution is a trial court option which may operate in conjunction with punishment, pursuant to Section 775.089(1), Florida Statutes (1983), or as a condition of probation pursuant to Section 948.03(1)(g), Florida Statutes (1983). Section 775.089(1) contains the proviso that restitution may be ordered "if the defendant is able or will be able to make such restitution." There is authority, however, for the proposition that this safeguard is not available if the probation resulted from a negotiated plea, "which was then voluntarily and intelligently accepted by [the defendant] in open court." Pollock v. Bryson, 450 So.2d 1183, 1186 (Fla. 2d DCA 1984), citing G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982). In such circumstances, which pertain in the instant case, the probationer is deemed to have waived the protection of Section 775.089(1) at the time he entered into the plea agreement.
The cases hold uniformly that when probation is conditioned upon payment of restitution, or payment of costs of supervision, the trial court should make a factual determination regarding the probationer's ability to pay. Sampson v. State, 453 So.2d 919 (Fla. 1st DCA 1984); Gammon v. State, 451 So.2d 1042 (Fla. 1st DCA 1984); Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Fogarty v. State, 465 So.2d 625 (Fla. 2d DCA 1985). And, prior to enactment of the 1984 amendments to Chapter 948, the burden was on the state "to produce ... evidence showing that appellant had the financial ability to make the payments." I.P.J. v. State, 402 So.2d 1373 (Fla. 1st DCA 1981). See also: Fogarty v. State, 465 So.2d 625 (Fla. 2d DCA 1985); Gordon v. State, 448 So.2d 76 (Fla. 4th DCA 1984); Pope v. State, 444 So.2d 1161 (Fla. 3rd DCA 1984); Murphy v. State, 442 So.2d 1047 (Fla. 4th DCA 1983); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). Section 948.06(4), Florida Statute (Supp. 1984),[1] which went into effect June 24, *1370 1984, places the burden on the probationer "to prove by clear and convincing evidence that he does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so."
The record in the instant case reflects that Bass was unemployed from November 21, 1983, the date he was placed on probation, until June 8, 1984. The affidavit charging Bass with probation violation was filed August 9, 1984, and at that time he had made no restitution or fine payments, required as conditions of his probation. At the probation revocation hearing, Bass presented no evidence that he was unable to pay restitution  although there seems to have been a tacit acceptance by the State of his inability to pay during the period of his unemployment. By the same token, Bass made no affirmative showing of an inability to make payments during the time he was employed at the Waffle House. This period of employment, from June 8, 1984, until July 23, 1984, coincided with and continued after the June 24, 1984, effective date of Section 948.06(4), which section requires a probationer to demonstrate that he has an inability to make the required payments.
The trial court made no finding regarding Bass's ability to make the restitution or fine payments. Although a finding that he had failed to work at a lawful occupation would have been a sufficient basis for revocation of probation, we are unable to determine from this record whether the trial court would have revoked probation and imposed the same sentence solely on this ground. Therefore, we remand this cause with directions to the trial court to determine whether Bass has met his burden of an affirmative showing of an inability to make the required payments pursuant to Section 948.06(4), Florida Statutes (Supp. 1984). Should the trial court determine that Bass has not met this burden, the probation revocation order should so reflect, and resentencing should be imposed accordingly. If the trial court determines that Bass has shown an inability to pay, there should then be a determination as to whether his probation should be revoked based upon his failure to work at a lawful occupation.
Reversed and remanded with directions.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] § 948.06(4), Fla. Stat. (Supp. 1984), provides:

(4) In any hearing in which the failure of a probationer or offender in community control to pay restitution or the cost of supervision as provided in s. 945.30, as directed, is established by the state, if the probationer or offender asserts his inability to pay restitution or the costs of supervision, it is incumbent upon him to prove by clear and convincing evidence that he does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so. If the probationer or offender cannot pay restitution or the cost of supervision despite sufficient bona fide efforts, the court shall consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the state's interests in punishment and deterrence may the court imprison a probationer or offender in community control who has demonstrated sufficient bona fide efforts to pay restitution or the cost of supervision.
See: Ch. 84-337, § 2, Laws of Fla.