489 So.2d 224 (1986)
Frederick JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2179.
District Court of Appeal of Florida, Second District.
June 4, 1986.
*225 James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
In April 1983, Frederick Jordan was placed on probation for three years after pleading guilty to auto burglary. In August 1985, a revocation hearing was held to consider charges that Jordan had violated various conditions of his probation: (1) failure to make required monthly reports to his probation officer; (2) failure to keep appointments with his probation officer; (3) failure to pay $10.00 per month for the costs of his supervision; (4) failure to pay a $250.00 public defender lien; and (5) failure to pay $48.96 in court costs. In March 1985, the trial court had accepted Jordan's affidavit of insolvency and appointed a public defender to represent him at the revocation hearing.
Jordan's probation officer testified that Jordan had not paid $10.00 for the state assessment, $100.00 for the costs of supervising his probation, $250.00 on a public defender lien for the costs of representing him, and $48.96 in court costs. The probation officer admitted, however, that Jordan never had a full-time job and that no repayment schedule had ever been worked out. The probation officer also stated that Jordan failed to keep several appointments with her, and failed to turn in some monthly reports and was late with others.
Jordan testified that he had tried to pay but could not and that his previous probation officer had told him to pay when he could. Jordan also said he was trying to make child support payments, that he worked when he could, but at most two or three days a week for about six months, and then lost even this part-time job with his father's construction company when his father had a heart attack and could no longer operate his business. None of this testimony was refuted in any way.
After hearing the evidence the trial court orally admonished Jordan for failing to pay the required costs by telling him he should have been working at two or three jobs, but the court did not mention the technical violations. The court then sentenced Jordan to three years in prison but did not enter a written order of revocation.
Jordan argues that his revocation should be reversed because there was no evidence of his ability to pay and no written order of revocation specifying which conditions, if any, Jordan had violated. We agree and reverse.
The state offered no evidence of Jordan's ability to pay the various costs assessed against him nor any evidence to refute Jordan's affidavit of insolvency. The probation officer admitted that Jordan did not have a steady job and there was no evidence that Jordan had any assets or any other source of income to make the payments. In view of the absence of any evidence of his ability to pay these costs or any evidence to refute his affidavit of insolvency, the allegation that Jordan violated his probation by failing to pay the required costs must be stricken. Brown v. State, 429 So.2d 821, 822 (Fla. 2d DCA 1983); Coxon v. State, 365 So.2d 1067, 1068 (Fla. 2d DCA 1979).
Although one of the conditions of Jordan's probation required him to "work diligently at a lawful occupation" he was not charged with violating this condition. The trial court implied, however, that Jordan could have gotten a job if he had tried or at least he should have made more effort to do so but the ability to earn is not the proper test for determining whether there has been a violation of a condition of probation requiring payment of various costs. Winfield v. State, 406 So.2d 50, 52 *226 (Fla. 1st DCA 1981). As in Winfield, here the state argued that Jordan was not diligent in finding a job but this cannot be confused with Jordan's ability to pay where there was no showing that Jordan's failure to find another job was willful. Winfield.
The oral pronouncements of the trial court revoking Jordan's probation focused only on Jordan's failure to pay and did not mention the technical violations concerning his failure to make reports or keep appointments. We cannot be certain the trial court would have revoked Jordan's probation solely on these technical grounds, therefore, the case must be sent back for the trial court to specify which conditions, if any, Jordan violated. McKeever v. State, 359 So.2d 905, 906 (Fla. 2d DCA 1978).
Finally, Jordan asserts there was no written revocation order. For the trial court to revoke Jordan's probation a written order of revocation was required which specifies the conditions Jordan was found to have violated and which conforms to the court's oral declarations. Feezel v. State, 463 So.2d 1244, 1245 (Fla. 2d DCA 1985).
For these reasons, we reverse Jordan's revocation of probation and remand to the trial court with instructions to enter a written order specifying the conditions of probation which Jordan was found to have violated, and striking the allegation that Jordan violated his probation by failing to pay the costs since there was no proof of his ability to pay.
Reversed and remanded.
FRANK and HALL, JJ., concur.