510 So.2d 1202 (1987)
Linda L. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3088.
District Court of Appeal of Florida, Second District.
August 12, 1987.
James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
*1203 RYDER, Acting Chief Judge.
In 1983, appellant was charged with welfare fraud. The trial court withheld adjudication and placed appellant on probation. A condition of her probation was to pay restitution. During part of her probationary period, appellant worked at a Howard Johnson's motel. After she was no longer employed at Howard Johnson's,[1] in the words of her former probation officer who testified at the hearing, she sought employment
[F]or about a month or so. Then, she got lax. She would come in sometimes. Sometimes, she wouldn't. She finally got to the point where she refused to come in at all and I told her I would have to do a violation of probation if she did not come in to get employment. She said that nobody would hire her, but you know, I told her there are a lot of jobs out there, you know, even if with minimum wage. She would have to get something because she had a large restitution payment to make.
Prior to the affidavit of violation being filed, appellant had two "court reviews," where she was apprised of the possibility that failure to meet the conditions of her probation could result in probation revocation. Appellant was given an opportunity to explain her situation, and both "court reviews" ended with an order that she find employment. On each occasion, a specific deadline was given. Neither deadline was met. Thereafter, an affidavit charging violation of probation was filed.
At the violation of probation hearing, the former probation officer testified that appellant refused to seek employment. Appellant did not present any evidence indicating that she had been seeking employment. At the close of the hearing, the trial court found appellant had violated her probation because she "failed and refused to make restitution for a theft." Appellant was then adjudicated guilty and sentenced to nine months in the county jail with credit for time served. She was found insolvent for purposes of appeal. This appeal timely followed.
Appellant's main argument on appeal is that the trial court cannot properly find a violation of probation based on a condition requiring the payment of monies absent evidence of an ability to pay. If adopted, appellant's argument would lead to a superficial inquiry at a violation hearing of whether a probationer is indigent. Then, if the probationer is indigent, the court could never find a violation of probation for failure to pay restitution. There is no doubt that this would considerably "chill" the practice of placing on probation those defendants who are willing to make restitution for the crimes they committed. The United States Supreme Court was confronted with the same question in Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The court held:
[In] revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment.
Id. at 672, 103 S.Ct. at 2073.
The Florida legislature adopted the Supreme Court's standard in chapter 84-337, section 3, Laws of Florida. It is codified in *1204 section 948.06(4), Florida Statutes (1985), and provides:
In any hearing in which the failure of a probationer or offender in community control to pay restitution or the cost of supervision as provided in s. 945.30, as directed, is established by the state, if the probationer or offender asserts his inability to pay restitution or the cost of supervision, it is incumbent upon him to prove by clear and convincing evidence that he does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so. If the probationer or offender cannot pay restitution or the cost of supervision despite sufficient bona fide efforts, the court shall consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the state's interests in punishment and deterrence may the court imprison a probationer or offender in community control who has demonstrated sufficient bona fide efforts to pay restitution or the cost of supervision.
In applying these standards to the facts of the case before us, we hold that the trial court was correct in revoking appellant's probation for "fail[ing] and refus[ing] to make restitution for a theft." The state introduced sufficient evidence of appellant's failure to pay and offered evidence, unrebutted by appellant, that appellant had not made "sufficient bona fide efforts legally to acquire the resources to pay." Bearden at 672, 103 S.Ct. at 2073. The statute places upon the probationer the burden to prove "sufficient bona fide efforts" by clear and convincing evidence. Appellant failed to carry her burden of proof.
Appellant argues that the cases of Jordan v. State, 489 So.2d 224 (Fla. 2d DCA 1986) and Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981) are controlling in this case. Both are distinguishable. In Jordan, this court stated "there was no showing that Jordan's failure to find another job was willful." Jordan at 226. In Winfield, lack of diligence in locating employment was not one of the violations alleged by the state. The affidavit of violation in Winfield alleged only a failure to make payments. In addition, Winfield was decided prior to Bearden and the Florida legislature's subsequent adoption of the Bearden standard. In the case before us now, appellant was given ample notice both at the "court reviews" and in the affidavit of violation that her probation was subject to revocation for her refusal to make efforts to locate employment. The state introduced sufficient evidence to make a showing that appellant's failure to find a job and, thus to make restitution, was willful. Accordingly, we affirm the trial court's revocation of appellant's probation.
One matter remains. Appellant argues that the trial court failed to enter a written order conforming to its oral pronouncements. Our review of the record indicates no written order was filed. When probation is revoked or modified, a written order must be entered by the trial court reciting the specific violations found. Feezel v. State, 463 So.2d 1244 (Fla. 2d DCA 1985). While we find no reversible error in the trial court's oral findings, we remand for the entry of a written order conforming to the oral pronouncements.
Affirmed; remanded with instructions.
FRANK, J. and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] The testimony at the hearing is conflicting as to whether appellant quit her job at Howard Johnson's or whether she was fired. Her former probation officer testified that she had been fired. The probation officer also testified that the person formerly in charge of appellant at Howard Johnson's told the probation officer that appellant had quit. It matters not to the outcome of our analysis because it is appellant's lack of diligence in locating another job that is dispositive. The conflicting evidence as to the termination of employment at Howard Johnson's is why we use the terms above "no longer employed."