563 So.2d 1129 (1990)
Leon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1470.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
*1130 Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant pleaded guilty to aggravated assault and was placed on two years' probation with the special condition of "inpatient and follow-up treatment as recommended," referring to a drug treatment program. Four months later, appellant was charged with violation of Condition 8 of his probation:
(8) You will promptly and truthfully answer all inquiries directed to you by the court or the probation officer, and allow the officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
The affidavit of violation of probation alleged that he violated this condition by failing to remain in the probation officer's office to submit to a urine test. After a hearing, the court found that this constituted a violation of Condition 8 and sentenced appellant to nine months in the county jail. We affirm.
Appellant contends that submitting to urinalysis was not a requirement of his probation. However, we believe that submitting to the urine test was encompassed by Condition 8 since a special condition of probation was successful completion of an inpatient drug treatment program, as referred to in his written negotiated plea.
While only a court may set conditions upon which probation can be revoked, Fogarty v. State, 465 So.2d 625 (Fla. 2d DCA 1985), requiring a urinalysis here can only be seen as the specified "follow-up" and, therefore, a reasonable part of the normal supervisory directions given by a probation officer. See Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982).
AFFIRMED.
LETTS, DELL and STONE, JJ., concur.