PER CURIAM.
Defendant appeals from the revocation of his probation and community control, both of which were revoked following an affidavit of violation of his community control. We reverse.
Defendant had not been charged with a violation of probation, cf. Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989), and the order of revocation does not state what terms or conditions of probation were violated, Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
While, contrary to defendant’s contention, there was sufficient evidence on the basis of which to revoke defendant’s community control, the affidavit of violation of community control did not specify the condition of community control which defendant was alleged to have violated. Nor was that condition specified in an order of revocation of community control, no such written order having been entered following the court’s oral revocation of community control.[1]
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.

. The lack of such a written order, by itself, is not determinative. See Clark v. State, 510 So.2d 1202, 1204 (Fla. 2d DCA 1987).