PER CURIAM.
The appellant, James Carmon Melton, challenges the trial court’s judgments and sentences. We find no merit in any of the appellant’s contentions regarding the admission of certain hearsay statements and, accordingly, affirm the convictions without discussion. However, we find that the trial court erred in imposing certain conditions of probation/community control.
The appellant pled not guilty to the charges of lewd act in the presence of a child (count I), sexual battery on a child under twelve (counts II, IV, and V), and lewd act on a child (count III), in violation of sections 800.04 and 794.011, Florida Statutes (1991).
*854 The jury subsequently found the appellant guilty of counts I and III and not guilty as to counts II and IV. The trial court granted a judgment of acquittal as to count V, adjudicated the appellant guilty of counts I and III, and sentenced him to two concurrent terms of two years community control followed by ten years probation. This timely appeal followed.
The appellant challenges condition (24) of his order of probation/community control which requires him to obtain an evaluation to determine if he is in need of inpatient drug treatment and if so, to enter and successfully complete, at his own expense, the recommended inpatient treatment program and any recommended aftercare treatment. Since this is a special condition of probation which was not orally pronounced at sentencing, we strike this condition. See Williams v. State, 563 So.2d 1129 (Fla. 4th DCA 1990). See also Pounds v. State, 661 So.2d 312 (Fla. 2d DCA 1995).
The appellant also challenges condition (28) of his order of probation/community control which directs him to pay $288 in court costs. Since the trial court did not cite the statutory authority for such cost, we strike this condition. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Accordingly, we affirm the convictions but strike the above-mentioned conditions of probation/community control.
Affirmed as modified.
THREADGILL, C.J., and SCHOONOVER and PATTERSON, JJ., concur.