PER CURIAM.
Shane Goodwin challenges his youthful offender sentence of two and one-half years’ *1318 imprisonment and three years’ community control imposed for offenses committed in 1992. He claims this was an illegal sentence under Florida’s Youthful Offender Act because the supervisory portion of his split sentence should have been limited to two years. We conclude the sentence complies with the version of the Youthful Offender Act in effect at the time appellant’s offenses were committed. Section 958.04(2)(c), Florida Statutes (1991), limits the supervisory portion of a split sentence to five years, with a total sanction, incarceration plus supervision, of six years. Since Goodwin was sentenced to two and one-half years’ imprisonment and three years’ community control, we affirm the sentence.
However, the trial court revoked Goodwin’s community control without entering a written revocation order. Therefore, we remand and direct the court to enter a written order stating which community control conditions Goodwin was found to have violated. See Wynn v. State, 591 So.2d 964 (Fla. 2d DCA 1991); Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987)(when probation or community control is revoked, a written order must be entered by the court reciting the specific violations found).
Affirmed and remanded with directions.
CAMPBELL, A.C.J., and PATTERSON and QUINCE, JJ., concur.