FLETCHER, Judge.
In March 1993, Patricia White pled guilty to the charge of grand theft of merchandise from Sears Roebuck & Co. in Key West, Florida. Adjudication was withheld and White was placed on five-years probation with a special condition that she pay restitution in the amount of $42,868.00 to Sears, pursuant to a July 30, 1993 restitution judgment, “no later than: A) the end of the period of probation, B) 5 years from sentencing date, C) 5 years after release from D.O.C., or D) as ordered by the judge.” (R. 48).
On February 17, 1998, less than a month before the probationary period was to expire, a warrant alleging violation of probation by Ms. White was issued. The warrant cited as a violation the fact that during the entire probationary period (nearly a full five years at that time), Ms. White had paid only approximately $4000.00 toward the restitution judgment. The evidence at the probation violation hearing showed that Ms. White had spent much of the time during the probationary period in part-time, less-than-lucrative employment while raising a family and incurring the usual family-related expenses which had to be paid from Ms. White’s earnings combined with those of her husband. However, in the year before the probation violation was issued, Ms. White had undertaken a course of self-improvement which included obtaining a license to sell real estate and entering the workforce as an independent-contractor real estate salesperson. In connection with her attempts to improve her financial situation, Ms. White saved enough money to purchase a used $2000 vehicle to use for transportation in her employment. Because she was being paid on commission and income taxes were not being withheld, she set aside the amount of her estimated tax obligation, some $1,400, in a savings account. She testified that all the extra money the family obtained went to pay toward the restitution judgment. Both Ms. White and her probation officer testified that the small amount of money paid toward the restitution was never made a big issue with Ms. White, even though she was not “up-to-date” on her payments when the probation officer was assigned to her case. The testimony was undisputed that none of the several probation officers Ms. White reported to ever threatened to violate her probation for insufficient payments on the restitution judgment, and all had told her to just pay whatever she could toward the restitution. All evidence showed that Ms. White successfully completed all conditions of her probation except for the restitution, and that no prior *1228 warrants of violation were ever filed during the five-year period.
Despite the evidence described above, the trial court found a “substantial and wilful violation of probation for failure to satisfy your [Ms. White’s] restitution obligation.” In making this ruling, the trial court cited the fact that Ms. White had apparently led “a good middle-class life style” during the probationary period and had been able to “put away some savings.” (R. 153). Ms. White was adjudicated guilty of grand theft and the restitution judgment was converted to a judgment lien.
We believe the trial court abused its discretion in violating Ms. White’s probation because, under the circumstances of this case, the evidence does not support a finding that Ms. White’s failure to pay the entire restitution judgment by the end of her probationary period was willful. See Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993); Jordan v. State, 489 So.2d 224 (Fla. 2d DCA 1986); Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981). Ms. White, apparently an otherwise model probationer, should not be penalized at the very end of the probationary period for her efforts to improve her and her family’s economic status through training and preparation for a new career, which, in turn, should allow her to pay more toward the restitution judgment in the future. The purchase of the used car and the setting aside of funds to cover the income tax obligations were reasonable under the circumstances.
Although the record supports the proposition that Ms. White paid as much as she was able to pay, there remains an outstanding balance on the restitution order which is owed to Sears Roebuck. As previously stated, the trial court reduced the unpaid amount to a judgment, see § 775.089(3), Fla. Stat. (1997). Ms. White does not challenge that portion of the trial court’s order in this appeal.
Accordingly, we reverse the probation violation and adjudication of guilt in this case. By this reversal, we do not disturb that part of the order on appeal which imposed a civil judgment in the amount of the outstanding restitution balance.
Reversed in part and remanded to the trial court for further proceedings.
COPE, J., concurs.