PER CURIAM.
Appellant, Terrance Willis, appeals the trial court’s order revoking his probation and sentencing him to ninety months’ imprisonment. We reverse.
After pleading guilty to felony escape, appellant was sentenced to five years in prison followed by eighteen months of probation. Seventeen months after his release from prison, the state charged appellant with violating three conditions of his probation.
After a violation of probation hearing, the trial court found appellant violated the three conditions and sentenced appellant to ninety months’ imprisonment. Thereafter, appellant filed a Rule 3.800(b) motion to correct his sentence and, in response, the trial court issued an order finding that appellant violated only Condition 4 of his probation. Condition 4 required appellant to pay court costs in the amount of $1,008.00. On appeal, appellant argues that the state failed to present sufficient evidence to show he had an ability to pay the court costs.
In revocation proceedings involving monetary obligations, the burden is on the state to present sufficient evidence showing that the probationer had the ability to pay. Del Valle v. State, 80 So.3d 999, 1011 (Fla.2011) (finding a “probationer’s ability to pay is an element of willfulness in the context of determining whether there is a willful violation for failure to pay a monetary obligation as a condition of probation”). Such evidence may include a showing that the probationer failed to make “bona fide” efforts to gain employment and/or legally acquire the resources to pay. See Clark v. State, 510 So.2d 1202, 1203-04 (Fla. 2d DCA 1987) (quoting Bearden v. Georgia, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and § 948.06(4), Fla. Stat. (1985)).
At appellant’s revocation hearing, the state presented the testimony of appellant’s probation supervisor. She testified that she instructed appellant to secure employment and gave him information os *613 tensibly to help him with employment. However, she did not monitor appellant’s employment because he was on administrative probation, and she did not know his employment status.
Appellant testified that he constantly searched for jobs online and unsuccessfully applied for work at grocery stores and a juice plant in his hometown. He explained that his ability to secure employment was hampered by his lack of transportation and his felony convictions. Appellant did not have a driver’s license and could not find rides to jobs outside of his hometown.
The state did not present any evidence to refute appellant’s testimony, and the evidence presented was insufficient to show that appellant did not make a bona fide effort to obtain employment. See Costello v. State, 567 So.2d 1032, 1033 (Fla. 4th DCA 1990) (finding that appellant’s uncontroverted testimony regarding his inability to pay “cannot arbitrarily totally be rejected” where “there is nothing in the record to support a conclusion that appellant ought not be believed”).
As such, the state did not meet its burden of showing that appellant willfully failed to pay the court costs, and the trial court’s finding of willfulness was not based on the greater weight of the evidence. See Del Valle, 80 So.3d at 1012. For this reason, we reverse the order of revocation and the sentence that was imposed as a result of the revocation order.

Reversed and remanded.

WARNER and LEVINE, JJ„ and TUTER, JACK, Associate Judge, concur.