# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROBERT D. CRAIG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-115

[February 22, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 2016CF001030A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the probation revocation order. The court had competent substantial evidence to conclude that appellant willfully violated his probation by failing to pay restitution. *See Willis v. State*, 141 So. 3d 611, 612 (Fla. 4th DCA 2014) (finding in a probation revocation proceeding involving monetary obligations that the State may show willfulness of a violation by "showing that the probationer failed to make 'bona fide' efforts to gain employment and/or legally acquire the resources to pay").

We also affirm with respect to appellant's claim that the State committed a *Richardson*[1] violation by failing to produce medical reports in the probation officer's file that were originally supplied by the defendant. The trial court found no discovery violation, because appellant's trial counsel was in possession of appellant's medical reports that she could have used at trial. Moreover, despite finding no discovery violation occurred, the court conducted a *Richardson* analysis and reviewed the records. The court determined that appellant was not prejudiced, because

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

the records would not have affected the outcome. As the trier of fact, the court found the records supported the court's reasons for finding a violation, because no records showed appellant had a diagnosis that would "prevent him from working." Thus, we are satisfied that appellant was not prejudiced even if there was a discovery violation. *See Cuciak v. State*, 410 So. 2d 916, 918 (Fla. 1982) (in violation of probation hearings, *Richardson* violation does not require reversal where the appellate court finds to its satisfaction that the error was harmless).

We affirm appellant's sentencing without further discussion.

*Affirmed.*

KLINGENSMITH, C.J., WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2