PER CURIAM.
After careful review, we affirm the revocation of appellant’s probation and her subsequent conviction. However, we agree with her that there are imperfections in the revocation order and in the judgment and sentence which necessitate a remand for correction.
Among the violations of probation with which appellant was charged were two concerning the failure to make payments as required by the terms of probation. The court found appellant guilty of these two violations, but it should not have done so since it did not make a finding that appellant had the ability to make the payments. Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979). Accordingly the court should now remove any reference to these violations from the revocation order.
At sentencing, the court ordered appellant to serve a fifteen-year prison term in case number 76-7348, a five-year prison term in case number 76-7349, and a fifteen-year prison term in case number 76-7350. However, the written judgments and sentences and the uniform custody papers reverse the terms imposed in 76-7349 and 76-7350. Consequently, the court must alter these documents so that they conform to its oral pronouncements.
HOBSON, Acting C. J., and SCHEB and OTT, JJ., concur.