377 So.2d 250 (1979)
George Curtis SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-399.
District Court of Appeal of Florida, Third District.
December 4, 1979.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NESBITT, JJ.
NESBITT, Judge.
Appellant was charged by affidavit with the violation of a condition of his probation; to wit: failure to make restitution payments to the crime victim. A probation violation hearing was held. At the hearing, the appellant testified that: he had not worked in about four months; he had diabetes; prior to that time he worked for about five weeks as a security guard; his regular work was selling insurance but he had not been employed in that occupation for about three years; appellant and his wife had two teenage children and he paid rent in the amount of fifty-six dollars per week. The only income coming into the household was his wife's salary of approximately one hundred and sixty-one dollars bi-weekly plus twenty-eight dollars a month which he received from Social Security for *251 medicines. Appellant stated that his diabetes had affected his memory and because of his illness "there isn't too much work I can do."
The court found that appellant had failed to make restitution. It also found that the appellant did not have the ability to make payments and therefore properly held that the appellant was not in willful violation. Young v. State, 370 So.2d 832 (Fla. 2d DCA 1979); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978). Thereafter the court modified his probation and extended it six months. The condition which required restitution was revoked and appellant was required to donate one hundred hours to the Salvation Army.
Section 948.06, Florida Statutes (1977) is the only authority for extension of the period of probation. The statute provides that the period of probation may be continued but only after notice and hearing and a finding that there has been a violation of probation. Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976). Appellant was afforded notice and a hearing; however, the court specifically found that there was no violation. Absent such a finding, the court is without authority to extend appellant's probationary period.
Reversed.