405 So.2d 786 (1981)
William KNAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1934.
District Court of Appeal of Florida, Fourth District.
November 12, 1981.
Richard L. Jorandby, Public Defender, and Allen T. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
Appellant, having pled nolo contendere to a charge of possession of burglary tools, *787 was placed on probation for three years with adjudication withheld. Twenty-six (26) months later an affidavit of violation of probation was filed. At hearing appellant did not admit the violations and no evidence was taken in support of them. The court announced that it was going to "reinstate" appellant's probation, but would adjudicate him guilty of the offense of possession of burglary tools.
We construe the trial court's act of adjudicating appellant guilty, coming some twenty-six months after the court had initially placed appellant on probation and withheld adjudication, as a modification of the original probation order. Probation orders are not subject to modification except for violation of conditions and then only upon notice and hearing. Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1979); Smith v. State, 377 So.2d 250 (Fla. 3d DCA 1979).
The judgment of the trial court dated October 10, 1980 is vacated.
BERANEK and HERSEY, JJ., concur.