434 So.2d 24 (1983)
Nelson FERNANDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2080.
District Court of Appeal of Florida, Third District.
July 5, 1983.
*25 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The trial court revoked the defendant's probation finding that the defendant (a) failed to submit certain monthly reports, (b) failed to secure gainful employment, (c) was in arrears in cost of supervision payments, and (d) committed a burglary of an unoccupied dwelling. We reverse the order revoking probation upon a holding that (1) because no evidence whatsoever was adduced at the revocation hearing to support the three technical violations, the court's findings in respect to these violations must be stricken, see Delgado v. State, 423 So.2d 603 (Fla. 3d DCA 1982), and (2) while there was evidence presented tending to show that some unidentified and undescribed person had attempted to gain entry into the building in question, the defendant's presence half a block away from the building in early morning hours some fifteen to thirty minutes after the burglary and his attempted flight from a police officer who accosted him raise, at most, a mere suspicion that the defendant was involved in criminal activity and are insufficient to prove by the greater weight of the evidence that the defendant committed the burglary charged. See Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982), and cases cited. See also A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979); Morgan v. State, 355 So.2d 149 (Fla. 1st DCA 1978).
Reversed.