NESBITT, Judge.
P.L.C. appeals his adjudication of delinquency on charges of burglary of a conveyance and two counts of theft.[1] We reverse.
On January 31, 1983 at approximately 1:00 p.m., Eve Zinner, her sister, Norma Cutler, and their cousin, Ruth Frebish, arrived at Mount Sinai Cemetery to visit the gravesites of several family members. Not seeing anyone in the area, the women left their purses in the unlocked car.
Between 1:15 and 1:20 p.m., the women discovered that their purses were missing. At the same time, Metro police officers Mike Murray and John Kelly observed a car, in which P.L.C. was a passenger, run a stop sign within a block or two of the cemetery. The officers pulled behind the car and turned on the police car’s flashing lights. The vehicle stopped at a red light, then proceeded through it and led the officers on a high speed chase on Interstate 95. After a few miles, the car skidded off the road and the occupants jumped out and fled. P.L.C. was apprehended in the area. Two of the three purses were discovered in the car and the third was found in the possession of one of the other occupants.
The prosecution relies in this case on the well-settled, and now statutorily reflected, inference arising from the possession of recently stolen property. § 812.022(2), Fla. Stat. (1981).[2] The state contends on appeal that the record supports a finding that one of the purses was in the back seat next to P.L.C. Assuming for purposes of decision that such a location shows possession sufficient to allow the inference to operate, we disagree with the state’s contention. The testimony regarding the location of the purse is totally indeterminate. The officer testifying never saw the purses in the car, but for some unexplained reason he believed one of them was in the back seat.[3]
With no indication of where the purses were located in the car, we are left only with a defendant who was present in a car containing stolen purses. Being a passenger in a vehicle containing stolen goods is not, by itself, sufficient to give rise to the inference of knowledge that the goods are stolen. See State v. Maines, 301 N.C. 669, 273 S.E.2d 289 (1981); see also McWatters v. State, 375 So.2d 624 (Fla. 4th DCA 1979). Without the inference operating, the evidence is clearly insufficient to support the adjudication of delinquency. The appellant’s presence in the car two blocks from the scene of the crime and possibly as much as a half hour after it was committed fails to preclude the reasonable hypothesis that he entered the car after the purses were stolen and was unaware of either their presence or their stolen nature. See Fernander v. State, 434 So.2d 24 (Fla. 3d DCA 1983); A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982). Accordingly, the adjudication of delinquency is reversed.

. The defendant was originally charged with three counts of theft, but one count was abandoned by the state.

. Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.

.The officer testified that when the car chase ended he immediately pursued the suspects on foot. It is apparent from the record that the first time he saw the purses, when he returned to the cars, they were in the hands of another officer.