530 So.2d 1095 (1988)
Patrick Allen McPherson, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1830.
District Court of Appeal of Florida, First District.
September 15, 1988.
*1096 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Patrick Allen McPherson appeals a final order revoking his probation. McPherson contends the trial court abused its discretion in revoking his probation and sentencing him to 30 years' imprisonment. We affirm.
The facts of the case are as follows. On June 9, 1986, appellant was charged by information with armed kidnapping and two counts armed sexual battery stemming from a May 12, 1986 incident. Appellant pled nolo contendere to the charges on August 25, 1986. The imposition of sentence was withheld and appellant was placed on probation for a period of one year for each count, to be served concurrently.
*1097 On January 15, 1987, the Department of Corrections filed an affidavit of violation of probation in which it was alleged that appellant failed to pay his supervision costs, committed the offense of DUI, used intoxicants to excess, failed to report to his probation officer, and failed to pay state attorney and court costs. On March 31, 1987, additional grounds were added to the affidavit, including the allegation that appellant had changed his residence without the consent of his probation officer. On November 2, 1987, the Department filed a second amended affidavit adding another DUI charge and alleging that appellant had committed the offense of petit theft.
A violation of probation hearing was conducted on November 13, 1987. Appellant's probation officer testified that appellant failed to pay his costs of supervision (these costs were later waived) and that he changed his residence without her knowledge as alleged in count II. Ms. Arnholter stated that she found appellant at his residence on January 20, 1987, but that when she "checked again in February [his mother stated] he had moved and she basically indicated that he knew the law was after him." She also stated "I believe I did ask him later why he moved and he said something about having gone to Alabama, which his mother told me later was not true and that she thought he might be staying with his sister in Pensacola but she wasn't sure of the address, though" (R. 19).
As to count VIII, relating to payment of court costs, appellant's probation officer stated that appellant was scheduled to make payments of $24 per month but that he never made those payments. Regarding count IX, Ms. Arnholter testified that appellant filed late reports to her in September and October 1986, and that he filed no reports for the months of November and December 1986. She also stated that appellant made no payments toward the $200 state attorney cost, plus the $40 court cost as alleged in count X.
The state dropped counts III and VI because they were related to a DUI arrest of November 28, 1986, which had been nolle prossed. The clerk of the court then read into the record that on October 1, 1987, appellant pled no contest to and was adjudicated guilty of the charge of driving under the influence and was sentenced to 120 days in the county jail. The clerk also indicated that on August 3, 1987, appellant pled guilty and was sentenced to 60 days in county jail for the crime of petit theft.
The court found McPherson had violated his probation as alleged in counts II, IV, V, VII, VIII, IX, and X and revoked his probation. Appellant was sentenced within the guidelines to 30 years' imprisonment on the kidnapping and sexual battery counts.
In order to prove a violation of probation, the state's burden of proof is the greater weight of the evidence rather than proof beyond a reasonable doubt. Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988). We conclude that the trial court's order of revocation was based on several impermissible grounds.
Count II alleged that appellant changed his residence or left the county of his residence without first obtaining the permission of his probation officer. Hearsay is admissible in probation revocation proceedings but probation may not be revoked solely on the basis of such evidence. Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988); Miller v. State, 444 So.2d 523 (Fla. 1st DCA 1984). Here, the evidence supporting the violation based on change of residence condition was supported by a combination of nonhearsay admissions and personal observations, as well as hearsay. The hearsay statement of appellant's mother that appellant had moved, taken in conjunction with Ms. Arnholter's statement that she had made several trips to appellant's residence and he wasn't there, and appellant's statement that "he had gone to Alabama," were sufficient to prove that appellant violated his probation by moving from his approved residence without the permission of his probation officer. McNealy v. State, 479 So.2d 138 (Fla. 2d DCA 1985); see also Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985).
Count IV charged that appellant violated his probation by committing the offense *1098 of DUI on December 19, 1986. At the hearing a certified copy of the judgment of conviction for DUI was read into the record. This was sufficient to support a finding that appellant had violated condition (5) of his probation, which required him to "remain at liberty without violating the law." Stevens v. State, 409 So.2d 1051 (Fla. 1982). Appellant contends that because he pled nolo contendere to the offense and the judgment of conviction was not entered until after the expiration of his probationary term, this offense could not be used to revoke his probation. However, the supreme court stated in Maselli v. State, 446 So.2d 1079 (Fla. 1984), that:
when a probationer is before the court accused of violating probation by committing an unlawful act, the judge may revoke probation upon finding that such unlawful act was committed by the probationer; it is not necessary that there be a conviction of the unlawful act... . The judge may rely on the conviction even if it was imposed pursuant to a plea of nolo contendere.
446 So.2d at 1080. Here, there is no question that appellant committed the unlawful act and that the act itself occurred during the probationary period.
Count V states appellant violated the condition of his probation requiring him to "remain at liberty without violating the law" by committing the offense of petit theft. The court erred in relying on this ground as a basis for the probation revocation. Although the offense was committed during appellant's probationary period, the amended affidavit alleging this count was not filed until November 2, 1987; appellant's probation expired on August 25, 1987. "The court should not have considered the new charges which were not embraced within the timely affidavit." Kane v. State, 473 So.2d 786 (Fla. 1st DCA 1985); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981) (where additional counts that were added to the affidavit of violation after expiration of defendant's probationary period constituted new and untimely filed charges, the trial court was divested of jurisdiction to consider them along with the original, timely filed counts).
Count VII alleged appellant violated the portion of his probation order that stated "[y]ou will not use intoxicants to excess" in that on December 19, 1986, appellant had a breathalyzer test result of .19% and failed field sobriety tests. The only evidence presented on this issue was that appellant pled nolo contendere to the DUI charge. The prosecutor merely restated the allegation; there was no evidence that appellant had a .19% breathalyzer reading as charged, nor did a police officer testify that appellant had failed the field sobriety tests. This was insufficient to prove by the greater weight of the evidence that appellant used intoxicants to excess as charged. See, e.g., Fernander v. State, 434 So.2d 24 (Fla. 3d DCA 1983).
Counts VIII and X allege that appellant failed to make payments of $24 per month toward court costs of $240 ($200 state attorney cost, plus $40 court cost). Absent a finding that a defendant has the ability to pay, probation cannot be revoked based on the failure to pay court costs. Kennedy v. State, 460 So.2d 590 (Fla. 2d DCA 1984). See also Neves v. State, 502 So.2d 1343 (Fla. 2d DCA 1987); Haynes v. State, 440 So.2d 661 (Fla. 1st DCA 1983); Williams v. State, 406 So.2d 86 (Fla. 1st DCA 1981). In the case at bar, the only evidence presented regarding appellant's ability to pay was his probation officer's statement that she believed appellant was working several months during his probation and that she felt "he was able to make at least some payments on that." This was not sufficient evidence to establish that appellant had the ability to make the required payments. Because the trial court failed to make a specific finding that appellant had the ability to pay these costs, it erroneously revoked appellant's probation on these grounds. Haynes v. State, 440 So.2d 661.
Count IX alleged that appellant failed to report to his probation officer as ordered. Failure to file monthly reports is a substantial violation of probation sufficient by itself to support revocation of probation. Warren v. State, 499 So.2d 55 *1099 (Fla. 4th DCA 1987); Thomas v. State, 453 So.2d 156 (Fla. 1st DCA 1984); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979). Here, the evidence established that appellant failed to report to his probation officer as ordered. His probation officer testified that appellant filed late reports to her in September and October 1986, and that he filed no reports for the months of November and December 1986.
The evidence supports the findings that appellant violated his probation as alleged in counts II, IV, and IX, and our review of the record convinces us that the revocation and sentence would not be affected by the deletions of the violations alleged in counts V, VII, VIII, and X of the affidavit. Cf. Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987) (no remand for reconsideration of revocation or sentence where court convinced that neither would be affected by deletion of single violation).
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.