DOWNEY, Judge.
This is an appeal from a final order finding appellant had violated the terms and conditions of his community control in four respects: 1) he had moved his residence without permission so that his whereabouts were unknown, 2) he failed to report, 3) he had not paid the cost of supervision, and 4) during a routine traffic stop and subsequent search of his vehicle, he was found in possession of cocaine.
At the hearing on the merits of said alleged violations, the evidence reflects that appellant admitted not reporting, but stated that the community control officer was threatening to “violate him” unless he furnished the officer with drugs. Grounds one and three above were proven by hearsay evidence only. The episode involved in ground four occurred after the sentence to community control and probation had expired. Thus, it could not be a valid ground for violation. McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988). Neither can grounds one and three be relied upon because the proof adduced to support them was solely hearsay. Id.
As we held in Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985), this leaves us in doubt as to whether the trial court would have revoked appellant’s community control for the one violation and, if so, whether the sentence would have been the same. Accordingly, we affirm in part and reverse in part, and remand to the trial court with directions to eliminate grounds one, three, and four from the court’s order. We request the trial court to reconsider the matter in the light of this opinion and re-sentence appellant as he deems proper, which may include the same sentence previously given if he be so disposed.
GLICKSTEIN and GARRETT, JJ., concur.