PETERSON, Judge.
Bill Hewett appeals an order extending his period of probation in circuit court case number 88-1625. We affirm.
In that case, on December 8, 1988, Hew-ett was placed on two years’ probation for grand theft and was ordered to pay $220 court costs, a $350 public defender fee, and $714 restitution as conditions of probation. On May 3, 1990, the state filed an affidavit alleging that the defendant had violated his probation by failing to pay these costs.
The record indicates Hewett also had been ordered to pay $7,000 in restitution as a condition of probation in another case, number 89-1308, and that he failed to pay that restitution. Inexplicably, it appears the state ignored that violation when it enforced the conditions in case number 88-1625.
At the hearing on August 10,1990, Hew-ett’s defense was his inability to pay. The trial court subsequently entered an order extending the term of probation for two years to allow Hewett an opportunity to make the past-due payments. Relying on Smith v. State, 377 So.2d 250 (Fla. 3d DCA 1979), Hewett argues that the court should not have ordered the extension when no violation was specifically found. In Smith, the district court held that a period of probation can be extended only upon a showing of a willful violation of probation following proper notice and hearing.
Section 948.06, Florida Statutes, was amended in 1984 by the addition of subsection (4). Subsection (4) allows a court to consider alternative measures of punishment other than imprisonment if a probationer cannot pay restitution or cost of supervision despite sufficient bona fide efforts. We believe that the amendment supersedes the Smith rule by allowing an extension of a term of probation for a nonwillful failure to pay as to the original punishment. This alternative punishment is subject to the limitation that the sum of all penalties, to-wit: jail or prison time, community control, and probation, does not exceed the prescribed statutory limit for the crimes. In so holding, we recognize the supreme court’s statement in Clark v. *636 State, 579 So.2d 109, 111 (Fla. 1991): “Absent proof of a violation, the court cannot change an order of probation or community control, by enhancing the terms thereof.Clark did not involve a failure to pay restitution; it dealt with the issue of the requirement of a hearing before terms of probation or community control can be enhanced. Thus, there was no need in Clark to distinguish between willful and nonwillful violations of restitution conditions. We do not believe that the supreme court in Clark was directing that alternative punishment could not be given under subsection (4) after proper notice and hearing where the court finds the violation of a probation condition of restitution was not willful.
AFFIRMED.
W. SHARP, and DIAMANTIS, JJ„ concur.