606 So.2d 755 (1992)
James LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00592.
District Court of Appeal of Florida, Second District.
October 23, 1992.
*756 James Marion Moorman, Public Defender, and Cecilia A. Traina, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant alleges error in the revocation of his community control. He argues that his failure to comply with his community control officer's instructions was not willful and substantial. We agree and reverse.
The appellant's community control officer testified at the violation hearing that she instructed the appellant to report to the Department of Corrections Office in Tampa on January 23, 1991. Instead, the appellant reported to the office in Marion County on January 24. The appellant testified that he had spoken to the judge and the community control officer about his having family in Marion County and he had gotten the impression that his case would be transferred there. He reported to the correct office on February 5, when it finally became clear to him that he had reported to the wrong place.
The appellant made a reasonable attempt to comply with the condition of community control. His failure to report was more the result of confusion or miscommunication than a deliberate act of misconduct. He believed he had the approval of the judge and the community control officer to report in Marion County. Thus, his violation of community control was not intentional. See Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982).
The state has the burden of showing that a probationer's violation is willful and substantial. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). Although a trial court has broad discretion to determine whether a term of probation has been violated, the evidence in this case does not support the court's determination that the appellant's actions were willful and substantial. Accordingly, we reverse the order of revocation and remand for the reinstatement of the appellant's community control.
Reversed and remanded.
LEHAN, C.J., and PARKER, J., concur.