613 So.2d 1305 (1993)
Bill H. HEWETT, Petitioner,
v.
STATE of Florida, Respondent.
No. 79153.
Supreme Court of Florida.
February 4, 1993.
*1306 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and David G. Mersch and Bonnie Jean Parrish, Asst. Attys. Gen., Daytona Beach, for respondent.
KOGAN, Justice.
We have for review Hewett v. State, 588 So.2d 635 (Fla. 5th DCA 1991), based on express and direct conflict with Clark v. State, 579 So.2d 109 (Fla. 1991). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
While on two years' probation for grand theft, Bill H. Hewett allegedly violated the terms of his probation by failing to pay court-ordered restitution. An affidavit alleging the violation was filed May 3, 1990. The hearing was held August 10, 1990. The trial court found Hewett guilty of the violation but set this aside based on Hewett's undisputed inability to pay. Over objection, the trial court then extended Hewett's probation for two years, waived supervision costs, but reimposed the restitution requirement.
On appeal, Hewett argued that there was no authority to extend his probation in the absence of a finding of wilful violation. The district court rejected this argument on grounds that the 1984 amendments to the sentencing statutes authorized the procedure used here. Hewett v. State, 588 So.2d 635 (Fla. 5th DCA 1991). The statute in question now provides in pertinent part:
If the probationer or offender cannot pay restitution or the cost of supervision despite sufficient bona fide efforts, the court shall consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the state's interests in punishment and deterrence may the court imprison a probationer or offender in community control who has demonstrated sufficient bona fide efforts to pay restitution or the cost of supervision.
§ 948.06(4), Fla. Stat. (1991). The statutory language is strongly underscored by Florida's constitutional prohibition against imprisoning someone solely for debt except in cases of fraud. Art. I, § 11, Fla. Const.
Under Florida law, penal statutes such as the one at issue here must be strictly construed. Art. I, § 9, Fla. Const.; see Jeffries v. State, 610 So.2d 440 (Fla. 1992); Perkins v. State, 576 So.2d 1310 (Fla. 1991). In this light, we do not read the above statute as authorizing any extension of probation based on simple inability to pay restitution. Rather, the trial court has *1307 the choice only of "alternate measures" or imprisonment, with the latter being strongly disfavored. There is no ability to extend probation in the absence of wilful violation of the terms of probation. Clark. Had the legislature intended the term "alternate measures" to include coercive forms of detention or control, we believe it would have said so expressly.
Rather, we believe that in this context "alternate measures" can include imposition of a community service requirement or similar measures falling short of more coercive measures such as community control, probation, or imprisonment. If the probationer then fails to comply despite the ability to do so, contempt proceedings and/or revocation of any then-existing probation could be justified. Another alternative might be entry of a judgment against the probationer, which then could be enforced against the probationer's property under the applicable law. Accordingly, the opinion below is quashed, and this cause is remanded for further proceedings consistent with our views here.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion, in which OVERTON and McDONALD, JJ., concur.
GRIMES, Justice, concurring.
If the statute authorized it, I would see no objection to extending the time within which the defendant could make restitution beyond the probationary period. Then, if there was a failure to pay the restitution despite the ability to do so, the defendant could be held in contempt.
OVERTON and McDONALD, JJ., concur.