PER CURIAM.
The defendant, John Laing, entered a plea of nolo contendere to a charge of grand theft third-degree. The trial court withheld adjudication and placed the defendant on probation for one year with the condition that he pay restitution in the amount of $455.00 at the rate of $51.00 per month. An affidavit was filed alleging that he had violated his probation by failing to pay the court-ordered restitution.
At the hearing, the defendant testified, in part, as follows:
[DEFENSE COUNSEL]: What do you get paid there?
[DEFENDANT]: I get $250 a week, by weekly [sic]. I get $550 every two weeks.
[DEFENSE COUNSEL]: How much do you have to pay in rent?
[DEFENDANT]: $160.00 every two weeks.
[DEFENSE COUNSEL]: How much is your child support payment?
[DEFENDANT]: $280 month, $140.00 every two weeks.
[DEFENSE COUNSEL]: Between rent and child support you have to pay $220.00 a week.
[DEFENDANT]: Yes. Not only rent and child support, I have other bills outstanding too.
[[Image here]]
[DEFENSE COUNSEL]: Just in what you need to make to make [sic] sure that you have either a place to live and child support that constitutes $250?
[DEFENDANT]: Right.
[DEFENSE COUNSEL]: That leaves you $30.00 for the hospital bill you still have, the doctor bill you still have, as well as any food that you need to have?
[DEFENDANT]: And transportation, yes.
[DEFENSE COUNSEL]: Is that correct?
[DEFENDANT]: Right.
At the close of the evidence, the trial court stated, in part, as follows:
THE COURT: Well, the allegation here is that he failed to make his restitution payment. It certainly isn’t willful that *561 he hasn’t paid his restitution payment, the problem is maybe the way the payment is.
[[Image here]]
THE COURT: Let the record show that he has been making $20.00 a month payment and he has been doing it constantly since the probation.
The trial court entered an order modifying the defendant’s probation and extending it sixteen months with early termination upon completion of restitution. This appeal follows.
A term of probation may not be extended when the defendant’s violation of probation was not willful. Hewett v. State, 613 So.2d 1305 (Fla.1993). In the instant case, the trial court found that the defendant’s failure to pay restitution was not willful. However, as demonstrated by the record, this finding may have been based on an erroneous calculation of the defendant’s expenses. The record shows that the trial court may have been misled to believe that the defendant is left with only $30.00 per week after paying his rent and child support obligation. The record, however, demonstrates that the defendant is left with approximately $100.00 per week after paying his rent and child support obligation.[1]
Accordingly, we remand this cause to the trial court for a redetermination of whether the defendant’s failure to pay the court-ordered restitution was willful. Upon remand, if the trial court finds that the failure to pay restitution was not willful, the defendant’s probation may not be extended. Hewett.

. The defendant earns $250.00 per week. He pays $80.00 for rent and $70.00 for child support per week.