623 So.2d 575 (1993)
Richard BURGIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-3409.
District Court of Appeal of Florida, First District.
August 23, 1993.
Nancy A. Daniels, Public Defender, and Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant, Richard W. Burgin, Jr., appeals the judgment adjudicating him guilty of violation of probation. Appellant contends the evidence failed to establish that he willfully and substantially violated the conditions of his probation, and the trial court failed to make the requisite finding that appellant had the ability to pay before revoking his probation for failure to pay restitution and court costs. We affirm but remand to have the written revocation order conform to the trial court's oral pronouncement.
On November 5, 1991, appellant pled nolo contendere to forgery and uttering a forged instrument. Under the terms of the plea agreement, appellant was placed on probation for a period of two years, and required to perform fifty hours of community service work, to pay restitution, and to pay court costs of $425. The trial court withheld adjudication of guilt, and imposed two concurrent two-year terms of probation, together with the other sanctions provided in the plea agreement.
*576 On December 23, 1991, an affidavit of violation of probation was filed, alleging that appellant violated five conditions of his probation. This appeal is concerned primarily with the alleged violation of Condition (1), the requirement that appellant submit a report to his probation officer on the fifth day of each month on the form provided for that purpose. The affidavit alleged that appellant had not submitted any reports since being placed on probation on November 6, 1991.
At the revocation hearing, a probation officer testified that appellant never reported to the probation office, failed to perform any community service work, and failed to pay restitution and court costs. The probation officer acknowledged that restitution was not an issue, since the victim, American Express Company, sent a notice that no restitution was due. The probation officer stated that although appellant was released from jail on November 6, 1991, he failed to report to any probation office after his release.
Appellant testified that he was never instructed to report to the probation office in Escambia County. Rather, his public defender told him the probation supervision could be transferred to New Orleans, his home town. Appellant acknowledged that he knew he had been placed on probation and that he had a duty to report. He explained that shortly after his release from jail, he was the victim of a shooting. His injuries were serious, resulting in his hospitalization for six weeks. Appellant said he wanted the probation transferred to Louisiana, but he was shot before he had the opportunity to return there. He stated that he required further care after his discharge from the hospital, so his mother cared for him in her home in Alabama. Appellant acknowledged that he did not contact any probation officials in either Louisiana or Florida.
The trial court found appellant guilty of failure to report, the first violation alleged in the affidavit of violation of probation. The court orally revoked probation solely on this ground. The trial court adjudicated appellant guilty, and sentenced him to serve two concurrent thirty-month terms of incarceration in state prison. The written order of revocation of probation reflects that appellant was found guilty of violating Conditions I, II, III, IV, and V of his probation.
A trial court is vested with broad discretion in determining whether a probationer has violated a condition of the probation. Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992). A violation which triggers a revocation of probation must be "willful and substantial." Hewett v. State, 613 So.2d 1305 (Fla. 1993); Gibbs v. State, 609 So.2d 76 (Fla. 1st DCA 1992); McCullough v. State, 616 So.2d 198 (Fla. 2d DCA 1993); Harris, 610 So.2d at 36. Alleged violations must be proven by the greater weight of the evidence. McPherson v. State, 530 So.2d 1095, 1097 (Fla. 1st DCA 1988).
In McPherson, this court held that a failure to file monthly reports is a substantial violation of probation which alone is sufficient to support a revocation of probation. 530 So.2d at 1098. Moreover, it is an established rule that a written revocation order must conform to the trial court's oral pronouncements. Dantler v. State, 584 So.2d 198 (Fla. 1st DCA 1991). Therefore, a revocation order which references violations of conditions of probation which were not proved, and were not orally pronounced by the trial court, will be remanded for conformance to the oral pronouncement. Gore v. State, 616 So.2d 189 (Fla. 1st DCA 1993).
The record in this case reflects the trial court found appellant in violation of his probation with respect to condition one only, the condition requiring him to report. The record further reflects that the other alleged violations were not proved by the greater weight of the evidence, and the state tacitly concedes as much. Since a failure to file monthly reports is sufficient in itself to support a revocation of probation, see McPherson, the question becomes whether appellant's violation of this condition was willful and substantial.
Some evidence suggested the violation was not willful. This included appellant's testimony that he failed to report to the Louisiana probation office, because he was shot four times and hospitalized with serious injuries a few days after his release from jail. It is reasonable to infer that the authorities in Escambia County knew of the incident, because the perpetrator was arrested and held *577 for trial in Escambia County Jail. The probation hearing transcript indicates county authorities were averse to taking appellant into custody for probation violation, because they were aware of his medical needs.
However, other evidence indicated appellant's failure to report was willful. This included his admissions that he knew he had been placed on probation, and knew he had an obligation to report within thirty days, yet failed to report either in Florida or in Louisiana. Although the failure to report could not be characterized as willful during the early period of appellant's treatment for gunshot wounds, the same cannot be said for his failure to contact the probation office during the later stages of his recovery and convalescence. Indeed, the record reflects that appellant subsequently became sufficiently ambulatory to be arrested. Given his knowledge that he was on probation, and his acknowledged awareness of his duty as a probationer to report within thirty days of his release from jail, the trial court's determination that his failure to do so amounted to willfulness by the greater weight of the evidence is affirmable.
Accordingly, the order revoking appellant's probation is affirmed. However, the cause is remanded for conformance of the written revocation order to the trial court's oral pronouncement at the revocation proceeding.
SMITH and WOLF, JJ., concur.