ZEHMER, Chief Judge.
Appellant brings this appeal from an order finding her to be in violation of her probation and modifying her monthly restitution payments. The order was entered as a result of proceedings held in the trial court following this court’s reversal of an earlier order also finding Appellant to be in violation of probation. See White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992) (White I). In White I, we reversed the appealed order revoking Appellant’s probation for two reasons. First, we held that condition nine of the probation order directing Appellant to pay $123,411.28 in restitution was facially invalid as improperly delegating to the probation officer the right to determine the rate of repayment. Second, we observed that at the revocation of probation hearing, Appellant was not afforded counsel and it did not appear that she had made an informed waiver of her right to counsel before being required to respond to the charge of violating her probation. Consequently, we reversed the order modifying her probation, but did not specifically remand for further proceedings. Nonetheless, on December 17, 1992, the parties appeared before the trial court for a hearing on the issue of monthly payments and Appellant’s financial situation, following which the trial court entered the order presently under review styled, “Order of Modification of Probation.” Therein, the court found Appellant to be in violation of her probation by her disregarding condition nine and modified her probation by ordering her to pay $150.00 per month.
On appeal, Appellant argues that the court was without jurisdiction to modify her probation since, in White I, we did not remand for further proceedings. In so arguing, Appellant points to the general rule that absent a valid finding that a probationer violated his or her probation, the trial court is without jurisdiction to modify the probationary terms. See Knapp v. State, 405 So.2d 786 (Fla. 4th DCA 1991).z
The state responds by observing that Appellant did not contend below, and does not now contend, that the $123,411.28 restitution amount is erroneous. Consequently, after this court rendered its White I decision, Appellant was left with a valid order imposing restitution in the above-referenced amount, but was nonetheless left without a payment schedule. Thus, the state urges that the question in this case is better phrased as whether the trial court deviated from, or complied with, this court’s mandate by correcting the restitution condition and imposing the $150.00 monthly payment. We agree with the State’s characterization of the issue. As a result of our decision in White I, the objective of condition nine — payment of restitution — would have gone unimplemented without further proceedings before the trial court. However, contrary to Appellant’s argument, our decision placed the court in a position as if it were initially imposing probation, and not as if it were modifying probation. Thus, it was incumbent upon the trial court to conduct a hearing; and, to the extent that the resultant order directs restitution to be paid in the amount of $150.00 per month, it is valid as an initial imposition of a condition of probation.
Nevertheless, to the extent the order finds Appellant to be in violation of her probation based on noncompliance with condition nine, it is in error. In White I, we specifically held that the trial court could not revoke Appellant’s probation based on her failure to comply with condition nine since it invalidly delegated responsibility to her probation officer. As Appellant notes, the record does not contain any evidence that after White I was decided, a new affidavit of violation of probation was filed. Thus, the trial court’s finding in the present order that Appellant violated her probation was based necessarily upon the same facts and circumstances which served as a basis for reversal in White I. As argued by Appellant, the *601 court did not have jurisdiction to do that which we had previously ruled it could not do, i.e., revoke or modify Appellant’s probation for violating an invalid condition. Thus, we quash that portion of the order finding Appellant to be in violation of her probation. In all other respects, the order is affirmed.
MICKLE and LAWRENCE, JJ., concur.