659 So.2d 1191 (1995)
Dheraj PERSAUD, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2327.
District Court of Appeal of Florida, Third District.
August 23, 1995.
Rehearing Denied September 27, 1995.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Dheraj Persaud appeals his convictions of armed burglary, grand theft, burglary of a dwelling, and petit theft. We affirm.
At 3:00 a.m. on January 14, 1994 a homeowner in the Port Antigua area of the Florida Keys heard a noise which sounded like aluminum shutters banging. The homeowner looked out his window and saw an individual at the rear of one of the houses across the canal. The individual seemed to *1192 fade into the shadows. The homeowner heard more noise and then saw two men carrying a ladder. The homeowner yelled at the men, at which time they put down the ladder and moved back into the shadows. The homeowner then saw a car leave with its headlights off. The car drove under a street light, allowing the homeowner to obtain a physical description of the car, but not a license number. The homeowner called the Sheriff's Department.
There had been recent burglaries in this subdivision. On the night in question, the police had conducted a burglary surveillance, but the officer had gone off duty at 1:30 a.m.
Sheriff's officers were dispatched to try to locate the car, which they did. The officers made a rough calculation that if a vehicle left the Port Antigua area at the time of the homeowner's call and proceeded north at 60 miles per hour, the officers likely would intercept the vehicle around mile markers 80-82. At mile marker 80.5 the officers observed the vehicle which matched the description given by the homeowner. The officers could also see something bunched up in the back of the car which was obstructing the rear window. The officers stopped the car. Defendant was the owner and driver of the car. He was accompanied by a passenger.[1] After the defendant and codefendant were removed from the car, the officers could see that the rear area of the car contained a large number of household items, on top of which had been placed a futon cushion. The cushion was the object which could be seen through the back window.
Defendant first contends that there was no corroboration of the veracity of the homeowner who called the police, and accordingly no founded suspicion to support an investigatory stop. That argument is completely without merit. "[T]he veracity of citizen-informants need not be substantiated." State v. Novak, 502 So.2d 990, 992 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987). Accord State v. Hunter, 615 So.2d 727, 731 (Fla. 3d DCA 1993), review denied, 626 So.2d 205 (Fla. 1993). Under the circumstances of this case, there were more than enough facts, as set forth above, to create a founded suspicion and to justify an investigatory stop of the automobile. See § 901.151, Fla. Stat. (1993).
Defendant next contends that the officers searched the vehicle at the time of the stop. Defendant argues that the facts did not give rise to probable cause to believe that a crime had been committed, and that therefore the defendant's motion to suppress the stolen property should have been granted.
We find no evidence in the record which supports the defendant's contention that there was a search of this automobile at the time the vehicle was stopped. The record indicates that once the individuals had been removed from the car, the officers could see the large quantity of stolen goods through the windows and open door. The record is unequivocal that no search was conducted until later, after the vehicle had been towed away by the officers. The later search is not challenged. The motion to suppress evidence was correctly denied.
Defendant next challenges the sufficiency of the evidence, and the state's reliance on subsection 812.022(2), Florida Statutes (1993). This argument is without merit. Unlike P.L.C. v. State, 458 So.2d 800 (Fla. 3d DCA 1984), on which defendant relies, here defendant was the owner and driver of a vehicle which was filled with stolen property. The homeowner had observed two men with a ladder in the residential subdivision at 3:00 a.m. Defendant and codefendant were apprehended in a car matching the homeowner's observations within a short time thereafter. See Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986).
Affirmed.
NOTES
[1] The passenger was the codefendant below. His appeal is not now before us.