PER CURIAM.
Appellant seeks review of prison sentences entered following revocation of his probation. He was alleged to have violated his probation by moving from his established residence and failing to enter the Probation and Restitution Center. Based principally on the testimony of his probation officer that she was aware of and had approved appellant’s actions, and that she did not believe that any violation had occurred, we agree with appellant that the state failed to establish by the greater weight of the evidence that appellant had willfully violated either of the conditions in question. See, e.g., Love v. State, 606 So.2d 755 (Fla. 2d DCA 1992) (noncompliance based on confusion or miseommunication not willful); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992) (noncompliance based on ineptness or negligence not willful); Jacobsen v. State, 536 So.2d 373 (Fla. 2d DCA 1988) (failure to comply not willful as long as effort to do so is reasonable). Accordingly, we vacate appellant’s sentences, reverse the finding that appellant had violated his probation and remand with directions that the trial court reinstate appellant’s probation.
REVERSED and REMANDED, with directions.
ALLEN and WEBSTER, JJ., concur.
LAWRENCE, J., dissents with written opinion.