PER CURIAM.
Mark Anthony Ponce (Ponce) directly appeals his revocation of probation, and his sentence. We affirm his revocation of probation, but remand for resentencing.
Ponce pleaded no contest to two counts of aggravated battery; he committed these crimes on September 26, 1992, in Calhoun County, by stabbing two different victims. Ponce was sentenced to five concurrent years in prison on each count, followed by one year of probation. Ponce was released from prison on April 13, 1995; a violation-of-probation affidavit was filed alleging that Ponce failed to pay restitution and cost of supervision, absconded, and was arrested in Connecticut and Georgia. Ponce testified that he was arrested in Connecticut for possession of paraphernalia, and in Georgia for bringing a stolen car into the state, and for other crimes. Ponce also testified that, in Dixie County, he pleaded no contest to violation of probation in a case based on the same allegations as the allegations in the instant ease. The trial judge found that Ponce violated probation, revoked probation, and sentenced Ponce to concurrent fifteen-year prison terms, with credit for time served. The conscience of the court is satisfied that Ponce violated his probation; Ponce fails to show an abuse of discretion in the judge’s revocation of probation, Brill v. State, 159 Fla. 682, 687, 32 So.2d 607, 609 (Fla.1947), and we affirm the revocation.
The State correctly concedes that a score-sheet error places Ponce in a harsher sentencing category than he would have occupied on a correctly calculated scoresheet— Ponce’s prior forgery convictions were treated as first-degree felonies, when in fact they are third-degree felonies. § 831.01, Fla. Stat. (1995). Resentencing upon a correctly calculated scoresheet thus is required. Yarrell v. State, 680 So.2d 1127 (Fla. 1st DCA 1996).
*1285 We therefore affirm the order of probation revocation, reverse the sentence, and remand for resentencing upon a correctly calculated scoresheet.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.