711 So.2d 100 (1998)
Marvin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1911.
District Court of Appeal of Florida, First District.
April 17, 1998.
*101 Nancy A. Daniels, Public Defender; Judith J. Dougherty, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Marvin Smith, challenges an order revoking his probation. Because no competent and substantial evidence in the record supports the finding that the appellant's alleged probation violations were willful, we reverse.
Appellant was placed on probation following a period of incarceration for aggravated battery on a person 65 years or older. His conditions of probation included the requirements that he make a monthly report to his probation officer, that he pay the costs of his supervision, and that he remain at his approved residence. After his release from prison in November 1995, appellant was arrested on four occasions over approximately twelve months for misdemeanors arising out of an ongoing domestic dispute with his sister relating to residential rights to the house of their deceased mother. No report for probation violation was issued in connection with the first three such arrests and appellant continued to file the required monthly reports. On March 28, 1996, an affidavit charging a violation of probation was issued, alleging that appellant failed to pay the cost of supervision and committed the act of domestic battery and domestic assault. An amended affidavit was issued on January 28, 1997, charging that appellant failed to file monthly reports from April 1996 through December 1996, failed to pay the costs of supervision, failed to make himself available for supervision, and committed additional similar domestic violence offenses on March 17, 1996, August 8, 1996, and December 21, 1996. A third amended affidavit was issued *102 on April 10, 1997, charging the same violations as alleged in the second amended affidavit, with the exception that one offense was dropped and the date of another alleged offense was changed.
At the hearing below, the state elected to proceed only on three allegations: the failure of appellant to file monthly reports from April 1996 through December 1996, the failure of appellant to pay the costs of supervision, and the failure of appellant to make himself available to his probation officer. Appellant testified that when in March 1996 he was arrested on the domestic battery charge, an offense which he denied committing, and charged with violation of probation, he assumed that his probation was automatically revoked. Further, he testified that, based in part on information he claimed was provided by an official with the probation office, because he assumed his probation was revoked, he believed that it was not necessary to continue filing monthly reports. Appellant's then recently assigned probation officer testified that a letter had been sent to appellant's residence between November 15, 1996 and December 24, 1996 advising appellant to contact the probation officer, but that she did not know if appellant actually received the letter. The record reflects that the only other contact which the probation officer attempted was a telephone call on December 24, 1996. The probation officer admitted at the hearing that she had come to learn that appellant was in jail on December 24th and, therefore, could not have received her call. The probation officer also testified that her records reflected that no monthly reports filed after March 1996. No evidence was submitted at the hearing regarding the appellant's failure to pay the costs of supervision.
At the conclusion of the hearing the lower court found that the state had sufficiently proved that appellant willfully violated the conditions of probation by failing to make himself available and by failure to submit monthly reports. The lower court's subsequent written order added the finding that the state proved appellant had failed to pay the costs of supervision.
Appellant argues that the lower court's written order of probation is erroneous in finding that the state proved the appellant's failure to pay costs and that the record before us reflects that the state did not prove appellant willfully violated the other two conditions of probation. We agree. Any probation violation sufficient to trigger revocation "must be substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Johnson v. State, 561 So.2d 1254, 1255 (Fla. 2d DCA 1990); Washington v. State, 579 So.2d 400, 402 (Fla. 5th DCA 1991). "It is incumbent upon the state to establish that a defendant willfully violated the terms of his probation." Green v. State, 620 So.2d 1126, 1129 (Fla. 1st DCA 1993), citing Jacobsen v. State, 536 So.2d 373 (Fla. 2d DCA 1988); see also Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988).
Below, the state presented no evidence that appellant had failed to pay costs and the trial court's oral pronouncement following the hearing made no mention of a violation for the failure to pay costs. Thus, the written finding that appellant failed to pay costs is erroneous. See Lovett v. State, 700 So.2d 91 (Fla. 2d DCA 1997).
Further, under the circumstances here where the state elected not to proceed on the charges of domestic violence and where the record is silent as to whether appellant has been advised about the terms and conditions of his probation, appellant's failure to file monthly reports from April 1996 through December 1996, after his March 1996 arrest and charge of probation violation, does not constitute a willful offense in the instant case. See Love v. State, 606 So.2d 755 (Fla. 2d DCA 1992) (noncompliance based on confusion or miscommunication is not willful); see also Howard v. State, 676 So.2d 1018 (Fla. 1st DCA 1996).[1] Finally, *103 appellant's failure to respond to a single telephone call placed at a time when appellant was away from his residence for a reason which was beyond his control and to a single letter which the state did not establish appellant actually received, does not constitute a willful violation of the requirement that appellant make himself available to his probation officer. See Stevens v. State, 599 So.2d 254 (Fla. 3rd DCA 1992)(absent a showing that the failure to attend a meeting was a product of a knowing and willful act by the defendant, probation may not be revoked).
Because, under the circumstances present here, we find that no competent and substantial evidence shows that the instant alleged violations were willful, we conclude that the trial court abused its discretion in revoking probation. Further, the written order on appeal does not conform with the trial court's oral pronouncement relating to the alleged failure to pay costs. Barger v. State, 688 So.2d 449 (Fla. 1st DCA 1997). Accordingly, we reverse the order of revocation of probation and remand to the trial court with directions to continue the previously imposed probation.
REVERSED.
JOANOS and VAN NORTWICK, JJ., concur.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I respectfully dissent. The trial court did not abuse its discretion in revoking Appellant's probation based on the trial court's factual finding that Appellant willfully violated his probation by failing to report monthly. The trial court found as a factual matter that "[Appellant] knew and understood that he would still be subject to the terms and conditions of probation [after being charged with domestic battery] and he didn't report to probation because he would then be arrested on the warrant." Ponce v. State, 689 So.2d 1284 (Fla. 1st DCA 1997)(holding that evidence that justifies revocation of probation need only be sufficient to satisfy the conscience of the trial court as to whether a condition of probation has been violated); Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993)(violation that triggers a revocation of probation must be willful and substantial, and must be proven by the greater weight of the evidence); McKinney v. State, 624 So.2d 373, 374 (Fla. 1st DCA 1993)(stating that it is the prerogative of the trial court to determine credibility of witnesses' testimony and to accept one witness's testimony over that of another). Thus, the trial court did not abuse its discretion in revoking Appellant's probation.
Appellant's argument alleging error in the trial court's additional probation violation finding (that Appellant violated his probation by failing to pay costs) is barred as unpreserved and nonprejudicial. § 924.051, Fla. Stat.; Fla. R.Crim. P. 3.800(b). I would affirm the trial court's probation revocation order.
NOTES
[1] The trial court found that appellant had failed "to file monthly reports for the months of April, May, June, July, August, September, October, November and December of 1996 and for not having filed any monthly reports since that date." In the April 10, 1997 affidavit of violation of probation, however, appellant was charged only with failing to file reports from April 1996 through December 1996. Accordingly, any alleged failure to file monthly reports after December 1996 was not before the trial court below.