PER CURIAM.
David Michael Prickett appeals the order revoking his probation and consequent ten-year sentence. We reverse.
Proof that he spoke to a young woman under the age of eighteen while she was *534 working as a cashier in a grocery store did not establish a willful, substantial violation of the probation condition that he “have no unsupervised contact with minors.” See Smith v. State, 711 So.2d 100, 102 (Fla. 1st DCA 1998) (holding that the State must establish by the greater weight of the evidence that a defendant violated a term of his probation). For one thing, the State failed to prove that the cashier was not working under the supervision of the store manager. See Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996) (holding that, while a trial court has broad discretion to determine whether a term of probation has been violated, findings of fact must rest on competent, substantial evidence).
Reversed and remanded with instructions that appellant be reinstated to probation.
BENTON and VAN NORTWICK, JJ., Concur; WOLF, C.J., Concurs in Result without Opinion.