LEWIS, C.J.,
specially concurring.
I agree with the majority analysis that section 550.615(6) of the Florida Statutes is an unconstitutional special law. I write separately because the majority fails to mention, recognize or discuss the impact of the nonseverability clause found in section 550.71 of the Florida Statutes on the present dispute. Section 550.71, entitled “Operation of ch. 96-364,” was originally enacted as part of chapter 96-364, Laws of Florida, and provides:
If the provisions of any section of this act are held to be invalid or inoperative for any reason, the remaining provisions of this act shall be deemed to be void and of no effect, it being the legislative intent that this act as a whole would not have been adopted had any provision of the act not been included.
§ 550.71, Fla. Stat. (2006). Section 550.71 is an example of a pure-form nonseverability clause. Unlike severability clauses, which are commonly included in legislation and direct that the invalidation of any part of a statute does not affect the validity of the remaining statutory provisions, a non-severability clause, such as the clause found in section 550.71, expresses legislative intent that if any provision of a statutory enactment is declared invalid, the remaining provisions of the act will also be voided.
Although the impact of a nonseverability clause has never been directly addressed by Florida courts, this Court has addressed the operation of severability clauses on several occasions. See, e.g., Heggs v. State, 759 So.2d 620, 628 (Fla.2000); Moreau v. Lewis, 648 So.2d 124, 127 (Fla.1995); St. Johns County v. Northeast Fla. Builders Ass’n, Inc., 588 So.2d 635, 640 (Fla.1991). This Court has held that although severability clauses are highly persuasive, such clauses are not binding on courts. See St. Johns County, 583 So.2d at 640. The decision whether to sever an unconstitutional provision from the remainder of a statute is guided by four factors which consider whether:
(1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken.
Cramp v. Bd. of Pub. Instruction of Orange County, 137 So.2d 828, 830 (Fla.1962).
However, these factors are poorly suited to any analysis of severability in instances where the statute contains an unambiguous statement of legislative intent of non-severability — that the invalidity of one provision of a statute should void the remaining provisions. This conclusion is supported by the United States Supreme Court decision in Zobel v. Williams, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1981), in which the Court, although ultimately remanding the determination to the Alaska state courts, noted with regard to a nonseverability clause that it “need not speculate as to the intent of the Alaska Legislature; the legislation expressly provides that the invalidation of any portion of the statute renders the whole invalid.” Id. at 65, 102 S.Ct. 2309. In those rare situations where the Legislature has chosen to include a clear directive that the invalidation of one provision of a statute shall result in the invalidation of the statute as a whole, there can be no doubt that *811 the Legislature would not have passed any of the provisions without passing all of the provisions. In my view, section 550.71 is an unambiguous statement of legislative intent, and, therefore, the invalidation of section 550.615(6) operates to void the remaining provisions of chapter law 96-364.
While chapter law 96-364 is a lengthy and involved legislative act which effected substantial changes in the laws regulating the Florida pari-mutuel industry, the majority of the provisions contained in that act have been subsequently amended. Those amended provisions are no longer provisions of the chapter law. Therefore, it appears that the only provisions which would now be impacted by the operation of section 550.71 are sections 550.6335 with regard to permissible surcharges on inter-track wagering and 550.70 with regard to jai alai facilities. See §§ 550.6335, 550.70, Fla. Stat. (2006). Regardless of the impact of the operation of section 550.71, the majority should address this issue.
Today, the Court ignores the proverbial elephant in the corner, even though this Court requested and received supplemental briefing specifically on the impact of the nonseverability clause after oral argument.
BELL, J., concurs.