PER CURIAM.
 

 The appellant, Kevin Boyington, seeks review of the trial court’s order of revocation of community control. He argues, and the State concedes, that the trial court erred in revoking his community control solely based upon the allegation that he changed his address without permission. We agree and reverse.
 

 The State filed a violation of community control affidavit alleging the following three grounds: (1) the appellant changed his residence without permission; (2) the appellant left his county of residence without permission; and (3) the appellant committed a new criminal offense. All three allegations arose from the appellant’s leaving Escambia County on February 5, 2010, and entering Alabama, at which time he was arrested and incarcerated for theft.
 

 At the violation of community control hearing, the State advised the trial court that it would not be going forward on allegations (2) and (3) and would only be proceeding on allegation (1), changing residence without permission. The evidence at the hearing established that the appellant was arrested in Alabama on February 5, 2010, and remained in jail from that date through the date of the violation hearing. Nonetheless, the trial court found the appellant guilty of “that portion of Allegation
 
 *632
 
 (1), which alleged that he changed his residence without the consent of a probation officer,” revoked community control, and sentenced him to 30 months in state prison.
 

 On appeal, the appellant argues, and the State concedes, that the trial court erred in revoking his community control where there was no showing of a willful or substantial violation.
 
 See Burgin v. State,
 
 623 So.2d 575, 576 (Fla. 1st DCA 1993). In light of the evidence showing that the appellant was incarcerated from the time of his arrest to the date of his hearing, we agree that the appellant should not have been revoked for something that was beyond his control.
 
 See e.g., Frazier v. State,
 
 587 So.2d 660, 661 (Fla. 3d DCA 1991) (finding probationer’s failure to report to probation office non-willful where he was incarcerated at the time);
 
 Smith v. State,
 
 711 So.2d 100, 103 (Fla. 1st DCA 1998) (finding the appellant’s failure to file monthly reports after his arrest did not constitute a willful offense).
 

 We REVERSE the order revoking the appellant’s community control and REMAND for reinstatement of supervision.
 

 DAVIS, ROBERTS, and ROWE, JJ., concur.